## COMMISSIONER OF INTERNAL REVE-NUE v. TEXAS PIPE LINE CO.

### No. 6182.

Circuit Court of Appeals, Third Circuit.

Jan. 22, 1937.

Robert H. Jackson, Asst. Atty. Gen., and J. Louis Monarch and Maurice J. Mahoney, Sp. Assts. to the Atty. Gen., for petitioner.

B. H. Bartholow and Allin H. Pierce, both of New York City (Dunnington, Bartholow & Miller, of New York City, of counsel), for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The respondent is a subsidiary of the Texas Company of Delaware, hereinafter called Delaware. The respondent, Delaware, and a number of other corporations filed a consolidated income tax return for the year 1927. By agreement among the corporations, any deficiency was allocated to the respondent. In its return Delaware de-·ducted $315,518.52 from its income as an expense of doing business. The Commissioner in his original audit allowed this deduction, but in the proceeding before the Board of Tax Appeals filed an amended answer raising the issue as to whether this sum was an allowable deduction. The Board held the amount properly deductible in 1927 as a business cost incurred for that year. The facts giving rise to this controversy are as follows:

In 1927, Delaware, continuing a practice followed by its predecessor, the Texas Company of Texas, adopted for itself and its subsidiaries a so-called stock investment or profit-sharing plan under which employees were given an opportunity to purchase stock of the Texas corporation at less than its fair market value. The number of shares to which the employee was entitled to subscribe was based on his wages or salary. The employee could pay for the stock by monthly payments deducted from his salary or wages within a period of three years. He had the option to waive his right to the stock and demand the return of payments. The right to the stock or to the return of the payments accrued to the employee's estate upon his death. The stock certificate, however, could not be acquired by the employee until the expiration of three years. A trustee designated by Delaware, pursuant to the plan, purchased as many shares of stock as was allotted to the employees for 1927 and took title to the same in his name as trustee. He borrowed money when necessary, collected from the employees, paid interest, received dividends, paid all administration expenses which arose by reason of the plan and kept books of account. Delaware undertook to reimburse the trustee for all of the expenses of administering the trust and to save the trustee harmless by reason of any obligations which he might incur pursuant to the terms of the trust. All profits arising in connection with the administration of the trust were to be held by the trustee for the exclusive benefit of the trust and upon the termination of the trust, the trust corpus was to be distributed to employees. Delaware had no right to recover any payments which it made to the trustee. It did have the right to terminate the trust. During the year 1927 the trustee purchased stock for allotment to the employees and incurred a loss of $315,518.52. Delaware reimbursed the trustee for this loss and recorded the payment in its books by an entry dated December 21, 1927. It is this sum which is now in dispute.

The Commissioner contends that the claimed deduction is of an indefinite and wholly contingent future liability, inasmuch as it was impossible in 1927 to determine with any fair degree of certainty the cost of maintaining the profit sharing plan. He stresses the fact that the employees could not obtain stock allotted to them until the expiration of the three year period in 1930.

The right to the deduction claimed by the respondent is found in section 234 (a) (1) of the Revenue Act of 1926 (44 Stat. 41) which provides:

Section 234 (a) "In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

If the sum paid by Delaware to the trustee represented payments for personal services actually rendered, and if those payments were reasonable, that sum may be deducted from income as an expense incurred in carrying on the business.

The profit sharing plan provides: " * * * Allotments will be made to employees who at the date of allotment shall have been two years or longer in the active and continuous service of these companies exclusively, and they will be based ordinarily upon salary or wages earned during the year preceding allotment. * * *" This provision discloses an intention on the part of Delaware to add to the compensation of the employees. There are no facts in the record, and no evidence was submitted by the Commissioner from which it appears that the compensation so augmented could be deemed unreasonable.

The question as to when the deduction may be taken is likewise found in section 234 (a) (1). That section allows a deduction for the year when paid or incurred. In the instant case the two are the same, for Delaware not only incurred liability for the operating costs of the plan in 1927, but actually paid those costs to the trustee in 1927. It is therefore not necessary for the respondent to lean too heavily on the fact that it keeps its books on the accrual basis.

We deem it important for the determination of this appeal that Delaware dealt with the trustee and not with the employees; that the intention was to arrange for additional compensation to the employees; that the right to purchase was based ordinarily upon salary or wages earned during the year preceding the allotment; that payments were in fact made in 1927 by Delaware even though the stock could not be transferred by the trustee to the employees until a subsequent period. The deduction is claimed and allowed, not because Delaware suffered a loss by reason of a transfer of stock to the employees, but because it paid certain sums to the trustee under the profit-sharing plan as an ordinary and necessary expense of conducting its business. This expense was incurred and paid even though no specific employee had a vested right to the stock until some subsequent time.

The decision of the Board of Tax Appeals is affirmed.